IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 108-062
)
TIMOTHY COKER )

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Timothy Coker. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Patricia Green Johnson, Assistant United States Attorney, has filed a combined response to these motions.

## GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, (doc. no. 236), the government responds that it has provided Defendant "open file" discovery in this case. The government has provided Defendant with discovery materials consisting of the investigative reports, scientific reports, and other documents material to this case (attorney and agent work product excepted). All known statements by Defendant have also been produced, as has his criminal record. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## **MOTIONS FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES**

Defendant filed motions requesting that the government be ordered to furnish the names and addresses, as well as the criminal records, of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. <u>United States v. Massell</u>, 823 F.2d 1503, 1509 (11th Cir. 1987); <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983); <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This, in essence, moots Defendant's request for a witness list. While this Court retains the right to exercise its discretion in permitting Defendant to

have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, the requests for a witness list are **DENIED**. (Doc. nos. 234, 254).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. (Doc. no. 280, p. 2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request for disclosure of prior crimes of witnesses is **DENIED**. (Doc. no. 246).

## MOTIONS FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed motions seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (Doc. nos. 229, 230, 238-1). To some extent, Defendant's requests exceed the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). These motions are **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

4

In its Arraignment Order dated May 28, 2008 (doc. no. 20), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 241).

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant is **DENIED**. (Doc. no. 243). The Court ordered that all motions in this case were to be filed by July 3, 2008, and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court.[1] This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE, SEQUESTRATION OF JURORS DURING VOIR DIRE, AND ADDITIONAL VOIR DIRE QUESTIONS

This motion is **GRANTED IN PART** and **DENIED IN PART**, subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

---

[1] A motion may not be filed outside the deadlines set by this Court except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

Defendant also requests additional voir dire questions. All voir dire questions must be denominated as such and filed separately 7 days prior to trial. Ultimately, however, the method and manner of juror voir dire is committed to the sound discretion of the district court. United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997). This discretion extends "both to the decision whether or not to submit suggested questions to the jury, and to the decision whether to question prospective jurors collectively or individually." Id. (quoting United States v. Delval, 600 F.2d 1098, 1102 (5th Cir. 1979)). Thus, whether, and the exact manner in which, any such questions are presented to jurors will be decided by the presiding trial judge.

The part of Defendant's motion requesting additional peremptory challenges is **DENIED**. Under Fed. R. Crim. P. 24(b), Defendants in this action will be entitled to jointly exercise ten (10) peremptory challenges. Although there are multiple Defendants in this case, at this time the Court believes that 10 peremptories are sufficient. Cf. United States v. Bascaro, 742 F.2d 1335, 1349 (11th Cir. 1984) (recognizing discretionary nature of granting additional peremptory challenges), *abrogated on other grounds*, United States v. Lewis, 492 F.3d 1219, 1221-22 (11th Cir. 2007). This ruling, however, does not prohibit Defendant from re-urging such a request to the trial judge at the appropriate time.

In this same motion, Defendant requests that potential jurors be sequestered during voir dire. This motion is **DENIED** as premature. Only the trial judge may make such decisions concerning the mechanics of jury selection. Defendant may, if he desires, reurge this request on the day of jury selection.

Therefore, as described herein, Defendant's motion regarding voir dire is **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 231).

## MOTION TO PRESERVE RECORD AS TO RACE OF EACH VENIREMAN AT TRIAL

The Equal Protection clause forbids prosecutors from challenging potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). As this information would be necessary for an appeal under Batson, the motion is **GRANTED**. (Doc. no. 250).

## MOTION FOR PRE-TRIAL DISCLOSURE OF CO-CONSPIRATOR STATEMENTS

Defendant filed a motion seeking an order compelling the government to disclose all co-conspirator statements. In support of this request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of "statements made by the defendant(s)," mandates disclosure of co-conspirator statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that

7

disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J., concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A) can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**. (Doc. no. 232).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion. The government also states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 280, p. 2). The government is **INSTRUCTED**

8

to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 238-2).

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant seeks the disclosure of all electronic surveillance. The government deems this motion satisfied by the disclosure of its entire investigatory file. In light of the government's "open file" discovery policy and the government's disclosure of "[a]ll recordings of the alleged criminal transaction, including interceptions pursuant to a warrant to intercept oral and electronic communications," (doc. no. 280, p. 3), the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 239).

SO ORDERED this 24th day of October, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE